420 So.2d 905 (1982)
Johnny Lee FUTCH, Petitioner,
v.
The STATE of Florida, Respondent.
No. 82-782.
District Court of Appeal of Florida, Third District.
October 19, 1982.
*906 Johnny Lee Futch, in pro. per.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal from a summary denial of a motion claiming ineffective assistance of appellate counsel in connection with the affirmance of the prisoner's judgment and sentence. Futch v. State, 399 So.2d 533 (Fla.3d DCA 1981).
A claim of ineffective assistance of appellate counsel is properly raised by habeas corpus before the appellate court which affirmed the judgment of conviction. Knight v. State, 394 So.2d 997, 999 (Fla. 1981). Consequently, the trial court had no authority to consider the claims and properly denied the defendant's motion. Knight v. State, supra. Because the record affirmatively demonstrates that the petitioner is confined to the state penitentiary at Raiford, we would not ordinarily have territorial jurisdiction of his application for habeas corpus. Art. V, § 4(b)(3), Fla. Const. Nonetheless, we find that the court, in Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), construing an identical provision of the 1968 constitution observed:
[W]here habeas corpus relief is sought to vindicate deprivations of the right to appeal, or necessary incidents thereof, the ultimate relief afforded is the opportunity for full appellate review by way of habeas corpus in the district court of appeal (except in situations where the jurisdiction of an appeal lies in the Supreme Court pursuant to Section 4(2), Article V, State Constitution) of the district where petitioner was confined at the time of sentencing, the soundest and most expeditious procedure should require the application for a writ challenging such alleged deprivations to be filed in the same district court which is empowered to grant the ultimate relief. This procedure would not only operate to balance out and minimize the judicial labor in proceedings of this kind, but would also create less procedural difficulties. If factual determinations are deemed necessary, the appropriate district court needs merely to issue the writ returnable before a circuit judge of that district or appoint a commissioner to make the necessary factual determinations.
229 So.2d at 244. We consider the above pronouncement sufficiently broad to properly invoke our jurisdiction.
Although the petitioner has appealed from the summary denial of his 3.850 motion, pursuant to Florida Rule of Appellate Procedure 9.040(c), we treat the present application as one for habeas corpus.
The petitioner sets forth three errors which he argues his appellate counsel should have presented to this court on appeal. First, the petitioner claims that the trial court erroneously permitted the jurors to separate without proper admonition. *907 This contention is adequately dispelled by the record before us which indicates that the jurors were properly admonished each day. Futch next argues that the trial judge erred in failing to instruct on the lesser included offense of third degree murder and in not reinstructing the jury on excusable homicide. Neither of these errors were properly preserved for appellate review, Castor v. State, 365 So.2d 701 (Fla. 1978), and thus, there was no basis upon which appellate counsel could have sought reversal.
Consequently, we deny the petition for habeas corpus.