**Robert Eric LADD,
Petitioner–Appellant,**

v.

**Charlie JONES, Warden, and The Attorney General of the State of Alabama,
Respondents–Appellees.**

**No. 88–7312
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1989.

Rehearing and Rehearing En Banc
Denied Feb. 24, 1989.

Robert Eric Ladd, Springfield, Ala., pro se.

Don Siegelman, Atty. Gen., Martha Gail Ingram, Montgomery, Ala. for respondents-appellees.

Before HILL and HATCHETT,
Circuit Judges, and TUTTLE, Senior
Circuit Judge.

PER CURIAM:

Appellant filed a writ of habeas corpus alleging (1) his conviction was based on evidence obtained pursuant to an unlawful arrest, (2) the evidence was insufficient to support his conviction, (3) the prosecutor systematically used his peremptory strikes to remove blacks from the jury, (4) the trial court improperly instructed the jury on reasonable doubt, (5) his sentencing as a habit-

ual offender violated due process and equal protection, and (6) his trial and appellate counsel were ineffective. Appellant contended that the issues relating to the sufficiency of the evidence, the composition of the jury, and the jury instruction had not been presented to the state courts due to ineffective assistance of counsel. Appellees filed a motion to dismiss and/or motion for summary judgment.

The magistrate issued a report recommending that the appellees' motion for summary judgment be granted and that the petition be dismissed. The magistrate determined that the appellant could not relitigate his fourth amendment claim concerning the lawfulness of his arrest, and the use of evidence obtained pursuant thereto, because he had a full and fair opportunity to litigate the claim in state court. The magistrate further found that appellant had procedurally defaulted on his claims concerning the sufficiency of the evidence, the composition of the jury, the trial court's jury instruction, and his sentencing as a habitual offender. The magistrate found that appellant's trial and appellate counsel were not ineffective, and thus, appellant did not establish cause for and prejudice from the procedural default. From these findings, the magistrate concluded that the appellant could not litigate his claims in a federal habeas proceeding. Therefore, the magistrate recommended that the appellant's petition be dismissed. The district court adopted the magistrate's recommendation and dismissed the petition.

■ On appeal, appellant raised three of the issues found by the district court to be procedurally barred: the sufficiency of the evidence, his enhanced sentencing, and the exclusion of blacks from the jury. Under Alabama law, a failure to raise an issue either at trial or on direct appeal from the conviction constitutes a procedural bar to the assertion of the claim in a subsequent collateral proceeding. *See e.g., Ex Parte Ellison,* 410 So.2d 130 (Ala.1982). This court has made it clear that, in such circumstances, a petitioner's claims are procedurally barred even if the state courts have not yet refused to hear them on procedural grounds. *Lindsey v. Smith,* 820 F.2d 1137 (11th Cir.1987). Appellant's petition revealed that the sufficiency of the evidence and jury composition issues had not been presented to the state courts at all and that the habitual offender sentencing issue had been raised for the first time in a petition for writ of error *coram nobis.* We find that the district court correctly concluded that the appellant was procedurally barred from asserting these claims in his federal habeas proceeding.

■ Appellant advances, as the cause of his procedural default on these issues, the alleged ineffectiveness of his trial and appellate counsel. The report and recommendation adopted by the district court examined this issue at considerable length and rejected this contention. The magistrate found that each claim allegedly not raised due to ineffective assistance of counsel was in fact without merit, so that counsel's failure to raise it was not ineffective. With respect to the sufficiency of the evidence, the magistrate noted that the state presented positive eyewitness testimony of the victim that appellant was one of the two men who robbed her at gunpoint. With respect to appellant's enhanced sentencing, the magistrate pointed out that it is not a constitutional violation to sentence a defendant as a habitual offender after the defendant has rejected a plea offer. With respect to the exclusion of blacks from the jury, the magistrate pointed out that *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986), which made it unlawful for a prosecutor to use peremptory strikes to exclude minorities from juries on the basis of race, was not to be retroactively applied on collateral review of convictions that became final before the *Batson* decision. Since appellant's conviction became final on November 23, 1982, his claim had to meet the requirements of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), which required proof of a systematic exclusion of minorities from juries over a period of time. Because appellant of-

fered no evidence that blacks were systematically excluded from the jury that convicted him,[1] the magistrate found that his counsel could not be faulted for failure to raise a frivolous claim. We agree that the record reveals that the appellant's trial and appellate counsel were not ineffective.

■ Finally, appellant argues that the district court abused its discretion in denying his petition without conducting a hearing on the issues of ineffective assistance of counsel and procedural default. A federal habeas petitioner is not automatically entitled to an evidentiary hearing on his claims. An evidentiary hearing is required only if the petitioner alleges facts which, if proven, would entitle him to federal habeas relief. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Porter v. Wainwright*, 805 F.2d 930 (11th Cir.1986). In this case, appellant's claims regarding the lawfulness of his arrest, the sufficiency of the evidence, the composition of the jury, the jury instruction, and his enhanced sentencing were legally insufficient, and no hearing was necessary to evaluate them. Moreover, since these claims were meritless, it was clearly not ineffective for counsel not to pursue them. We find that under these circumstances the district court's decision not to conduct a hearing was not an abuse of discretion.

For the reasons stated above, the district court's order dismissing appellant's petition for habeas corpus is

AFFIRMED.

---

1. In fact, there were four black jury members.