Johnny Lee FUTCH,
Petitioner–Appellant,

v.

Richard L. DUGGER,
Respondent–Appellee.

No. 87–6032.

United States Court of Appeals,
Eleventh Circuit.

June 8, 1989.

Thomas Almon, Miami, Fla., for petitioner-appellant.

Fariba Nora Komeily, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before TJOFLAT and JOHNSON, Circuit Judges, and BROWN *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This case arises on appeal from the denial of a petition for habeas corpus brought under 28 U.S.C.A. § 2254 by a Florida state prison inmate convicted of second-degree murder and unlawful possession of a firearm while engaged in a criminal offense. We reverse and remand for an evidentiary hearing on the issue of ineffective assistance of trial counsel, and affirm the district court on all other issues raised in this petition.

## I. FACTS

Petitioner is an inmate at the Glades Correctional Institution in southern Florida. On March 18, 1978, petitioner shot and killed his wife after an argument. Petitioner claimed that the shooting was accidental, that he stumbled while his wife was running away from him and accidentally shot her. Two child eyewitnesses testified that petitioner deliberately shot his wife in the back. On October 13, 1978, a jury convicted petitioner of second-degree murder and unlawful possession of a firearm while engaged in a criminal offense. Peti-

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

tion.

tioner was sentenced to life imprisonment on the murder charge and to a concurrent five-year term on the weapons charge.

Petitioner has unsuccessfully filed his direct state appeal, *Futch v. State*, 399 So.2d 533 (Fla.Dist.Ct.App.1981); a motion for post-conviction relief under Fla.R.Crim.P. 3.850, *Futch v. State*, 420 So.2d 905 (Fla. Dist.Ct.App.1982); two other motions in state court for post-conviction relief, *Futch v. State*, 429 So.2d 13 (Fla.Dist.Ct.App. 1983), *Futch v. State*, 486 So.2d 603 (Fla. Dist.Ct.App.1986); and a petition for habeas corpus relief in state court alleging ineffective assistance of counsel and failure of the trial court to instruct the jury on third-degree murder. *Futch v. Lambdin*, 498 So.2d 434 (Fla.Dist.Ct.App.1986). Petitioner then filed a petition for federal habeas corpus relief in the Southern District of Florida, asserting eight claims for relief: (1) trial court erroneously allowed introduction of photographs of victim; (2) trial court failed to admonish jury during overnight recesses on October 4 and October 5, 1978; (3) trial court failed to give instruction on third-degree murder as lesser-included offense; (4) trial court failed to reinstruct the jury on excusable homicide after reinstructing on manslaughter; (5) trial counsel was ineffective in failing to present testimony of Bonny Coney which petitioner alleges would have been favorable to the defense; (6) trial counsel denied him *Brady* material; (7) he was denied right to present evidence favorable to the defense because Coney was not called; and (8) appellate counsel was ineffective.

The district court referred the petition to the Chief United States Magistrate for the Southern District of Florida for a Report and Recommendation. The magistrate recommended that relief be denied. On claim one, the magistrate found that the admission of the photographs was not a significant factor contributing to petitioner's conviction. On claim two, the magistrate found that the jurors were properly admonished. On claim three, the magistrate found that there was no evidence to support an instruction on third-degree murder. On claim four, the magistrate found no basis for giving an instruction on excusable homicide. On claim five, the magistrate found both that trial counsel's performance was not deficient and that the petitioner failed to show how the performance prejudiced his case. Petitioner omitted claim six in presenting his arguments to the magistrate. On claim seven, the magistrate found that petitioner did not state a separate ground for relief independent of his claim that counsel was ineffective. On claim eight, the magistrate found that the mere fact that appellate counsel filed an *Anders* brief did not constitute ineffectiveness because that brief was rejected and appellate counsel argued the merits of petitioner's case. On October 16, 1987, the district court adopted the magistrate's Report and Recommendation in full. On February 25, 1988, the district court issued a certificate of probable cause to appeal under 28 U.S.C.A. § 2253.

## II. DISCUSSION

Petitioner raises three issues on appeal. First, petitioner argues that he was entitled to an evidentiary hearing on the issue of ineffective assistance of counsel. Second, petitioner argues that the introduction into evidence of a photograph of the victim was so inflammatory as to violate his due process rights guaranteed by the Fourteenth Amendment. Finally, petitioner argues that the trial court erred in instructing the jury.

▇▇▇▇ A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *see, e.g., Ladd v. Jones*, 864 F.2d 108 (11th Cir.1989) (per curiam). An evidentiary hearing is warranted only if there are material facts that were not adequately developed either in the federal district court or in the state habeas corpus proceedings. *See* 28 U.S.C.A. § 2254(d)(3); *see generally Gates v. Zant*, 863 F.2d 1492, 1496 n. 1 (11th Cir.1989). In this case, the state court denied the habeas petition without a written opinion, and the magistrate did not hold an evidentiary hearing. Consequent-

ly, petitioner is entitled to an evidentiary hearing on the issue of ineffective assistance of counsel if the facts as alleged would entitle him to relief.

■ In order to be entitled to relief, petitioner has to be able to prove both that his trial counsel was ineffective and that there was a reasonable probability that the ineffectiveness altered the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see generally Boykins v. Wainwright*, 737 F.2d 1539 (11th Cir.1984), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985). Petitioner argues counsel was ineffective in three ways. First, petitioner argues counsel failed to locate, interview, and call Bonny Coney, who petitioner alleges was an eyewitness to the shooting and whose testimony would support petitioner's version of the events. Second, petitioner argues counsel failed to present psychiatric evidence available at the time of trial that petitioner alleges indicated he was incompetent to stand trial. Third, petitioner alleges that a juror was seen leaving the state attorney's office in conversation with the bailiff regarding the case and that counsel was ineffective for not moving for a mistrial. We address each of these arguments in turn.

■ Petitioner asserts that he told defense counsel that Coney had seen the shooting and would support his defense that the shooting was accidental. Although the state argues it was impossible for Coney to view the shooting from her position at the time,[1] this Court must accept as true factual assertions made by petitioner for purposes of determining whether an evidentiary hearing is required. *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2846, 101 L.Ed.2d 884 (1988). Defense counsel has the duty to conduct reasonable pretrial investigation. *Mitchell v. Kemp*, 762 F.2d 886, 888–89 (11th Cir.1985), *cert. denied*, 483 U.S. 1026, 107 S.Ct. 3248, 97 L.Ed.2d 774 (1987). The appropriate

standard for evaluating counsel's pretrial investigation is reasonableness under the circumstances. *Foster v. Dugger*, 823 F.2d 402, 405 (11th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2915, 101 L.Ed.2d 946 (1988). If, as alleged, petitioner told his counsel about Coney, and if, as alleged, counsel made no effort to contact Coney, then the facts are sufficient for the court to conclude that counsel was ineffective. *See, e.g., Code v. Montgomery*, 799 F.2d 1481 (11th Cir.1986) (counsel ineffective by failing to investigate alibi witnesses); *Thomas v. Kemp*, 796 F.2d 1322 (11th Cir.) (counsel ineffective by making little effort to obtain evidence of mitigating circumstances), *cert. denied*, 479 U.S. 996, 107 S.Ct. 602, 93 L.Ed.2d 601 (1986); *Aldrich v. Wainwright*, 777 F.2d 630 (11th Cir.1985) (counsel ineffective by failing to depose state's witnesses), *cert. denied*, 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 297 (1986).

Petitioner has also alleged facts that satisfy the prejudice prong of *Strickland.* There is no question that, if Coney actually saw the shooting and can support petitioner's defense that the shooting was accidental, there is a reasonable probability Coney's testimony would have changed the result. *See generally Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). The two eyewitnesses were children, and the forensic evidence was not necessarily inconsistent with an accidental shooting. Thus, petitioner has alleged facts which, if proven, would entitle him to relief. We hold therefore that the district court erred in denying this claim without conducting an evidentiary hearing. *See, e.g., Dickson v. Wainwright*, 683 F.2d 348, 351–52 (11th Cir.1982) (resolution of claim that defense counsel failed to call favorable witnesses requires evidentiary hearing).

■ Petitioner also alleges that trial counsel was ineffective by failing to investigate petitioner's competency to stand trial. Competency in this sense means the

---

**1.** The state argues that Coney was in a car in the parking lot in front of petitioner's residence and that, because the shooting occurred in the parking lot behind the residence, the building made it impossible for Coney to view any part of the incident.

ability to cooperate with counsel and to participate in his own defense. *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988). Defense counsel did have a duty to investigate petitioner's competency. *Foster v. Dugger*, 823 F.2d at 405. Counsel could have been ineffective either by failing to make reasonable investigation into petitioner's competency or by failing to make a reasonable decision that such investigation was unnecessary. *See id.; McCoy v. Wainwright*, 804 F.2d 1196, 1198–99 (11th Cir.1986) (per curiam); *cf. Smith v. Wainwright*, 777 F.2d 609, 617 (11th Cir. 1985), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986). In order to demonstrate prejudice from counsel's failure to investigate his competency, petitioner has to show that there exists "at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial." *Alexander v. Dugger*, 841 F.2d at 375 (citing *Adams v. Wainwright*, 764 F.2d 1356 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986)).

Petitioner alleges that a prison psychologist evaluated him and declared him incompetent. Petitioner further alleges that his trial counsel knew of this evaluation and failed to obtain it or to interview the psychologist. If these two allegations are true, petitioner has met his burden of showing that his counsel was ineffective and that there was a reasonable probability that a psychological evaluation would have revealed he was incompetent to stand trial. We hold therefore that the district court erred by denying this claim without holding an evidentiary hearing. *See generally McCoy v. Wainwright*, 804 F.2d at 1198–99 (evidentiary hearing necessary on issue of failure to investigate competency); *Adams v. Wainwright*, 764 F.2d at 1367 n. 14 (evidentiary hearing on ineffectiveness of counsel for failure to investigate criminal defendant's competency to stand trial required if there exists a genuine issue of material fact regarding defendant's competency to stand trial).

■■■ Petitioner also alleges that a juror was seen leaving the state attorney's office, and that counsel was ineffective for not moving for a mistrial. Even if this allegation were true, petitioner has not shown a reasonable probability that the result in this case would have been different. Without a showing of prejudice, petitioner is not entitled to an evidentiary hearing on this issue.

■■■ Petitioner argues that the introduction of a photograph of the victim, nude, showing the wounds made by the gunshot, violated state evidentiary rules and violated his right to a fair trial under the Due Process Clause of the Fourteenth Amendment. The review of state court evidentiary rulings by a federal court on a petition for habeas corpus "is limited to a determination of whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial." *Osborne v. Wainwright*, 720 F.2d 1237, 1238 (11th Cir. 1983) (quoting *Nettles v. Wainwright*, 677 F.2d 410, 414 (5th Cir. Unit B 1982)). The evidence must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial. *Id.* at 1239; *see also Dickson v. Wainwright*, 683 F.2d 348, 350 (11th Cir.1982) ("An evidentiary error does not justify habeas relief unless the violation results in a denial of fundamental fairness.").

■■■ In this case, although the evidence may or may not have been erroneously admitted, it did not make the state criminal proceeding fundamentally unfair. In general, the introduction of photographic evidence of a crime victim does not violate a defendant's right to a fair trial. *See, e.g., Evans v. Thigpen*, 809 F.2d 239, 242 (5th Cir.) (nine color slides of homicide victim), *cert. denied*, 483 U.S. 1033, 107 S.Ct. 3278, 97 L.Ed.2d 782 (1987); *Nettles v. Wainwright*, 677 F.2d 410, 414–15 (5th Cir. Unit B 1982) (photograph of robbery victims covered in blood, semi-conscious, with clothes shredded by assault); *Cronnon v. Alabama*, 587 F.2d 246, 250–51 (5th Cir.) (photograph of young female murder victim), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979). Additionally, because there was overwhelming evidence of guilt, the photograph was not a "crucial,

critical, highly significant factor" in petitioner's conviction. *Bryson v. Alabama,* 634 F.2d 862, 865 (5th Cir. Unit B 1981) (citations omitted). Consequently, petitioner is not entitled to habeas corpus relief on the basis of the introduction of the photograph of the victim's body.

■ Petitioner challenges the jury instructions in this case on two grounds. First, petitioner argues that the trial court erred in failing to instruct the jury on third-degree murder as a lesser-included offense. This claim is meritless. Florida law prohibits instructions where the evidence presented at trial does not provide a factual basis for the instruction. *See Green v. State,* 475 So.2d 235, 237 (Fla. 1985); *see generally Aldrich v. Wainwright,* 777 F.2d 630, 638 (11th Cir.1985), *cert. denied,* 479 U.S. 918, 107 S.Ct. 324, 93 L.Ed.2d 297 (1986). Florida defined murder in the third degree at the time of petitioner's arrest and conviction as follows:

> The unlawful killing of a human being, when perpetrated without any design to effect death by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, shall be murder in the third degree....

Fla.Stat.Ann. § 782.04(4) (West 1976). The district court found petitioner had not alleged any facts supporting this instruction. We agree, and conclude petitioner was not entitled to a jury instruction on third-degree murder.

■ Second, petitioner argues that the trial court erred in failing to reinstruct the jury on excusable homicide. Florida defines excusable homicide as follows:

> Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous

weapon being used and not done in a cruel or unusual manner.

Fla.Stat.Ann. § 782.03 (West 1976). The jury was originally instructed on excusable homicide. The jury in its deliberations requested reinstruction on second-degree murder and manslaughter. Defense counsel requested that the jury also be reinstructed on excusable homicide. The trial court denied defense counsel's request, and reinstructed the jury on only second-degree murder and manslaughter. Even if the failure to reinstruct the jury on excusable homicide may have constituted error under Florida law, *see, e.g., Ford v. State,* 292 So.2d 390 (Fla.Dist.Ct.App.1974), that error was not reversible because defendant was convicted of second-degree murder. *Compare Turner v. State,* 414 So.2d 1161 (Fla. Dist.Ct.App.1982) (reversible error not to reinstruct on excusable homicide after reinstructing on manslaughter when defendant is convicted of manslaughter) *with Dean v. State,* 325 So.2d 14 (Fla.Dist.Ct.App.1975) (not reversible error to fail to reinstruct on excusable homicide after reinstructing on first, second, and third-degree murder when defendant is convicted of first-degree murder), *cert. denied,* 333 So.2d 465 (Fla. 1976). The failure, then, to reinstruct the jury on excusable homicide did not so infect the entire trial that petitioner's conviction violated due process. *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977) (citing *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). Consequently, petitioner is not entitled to habeas corpus relief on this claim.

### III. CONCLUSION

The district court's denial of Futch's petition for writ of habeas corpus is RE-VERSED on the issue of ineffective assistance of counsel and REMANDED for an evidentiary hearing on that issue. The district court's denial of all other claims for relief is AFFIRMED.