[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-13147

_____

D.C. Docket No. 04-00149-CV-J-32HTS

JEROME BURGESS,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 23, 2009)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Jerome Burgess appeals the denial of his 28 U.S.C. § 2254 petition for a writ

of habeas corpus. We consider the Petitioner's arguments that his federal

constitutional rights to due process of law and the effective assistance of counsel were violated when he was tried, convicted, and sentenced to life in prison for robbery with a weapon, in violation of Florida law. We affirm the district court's denial of the petition.

## I. BACKGROUND

Jerome Burgess, the Petitioner, was charged in Florida by information with robbery with a weapon, in violation of Fla. Stat. § 812.13(1) & (2)(b). (R.1-36 at 3.) The information identified the weapon as a firearm. *Id.* The Florida robbery statute defines three crimes, two of which are first-degree felonies. The statute provides:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

> (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

> (b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

> (c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 812.13. Burgess was charged with robbery with a weapon, in violation

of section 812.13(2)(b). The information alleged, however, that the weapon was a

firearm; robbery with a firearm violates section 812.13(2)(a).

At trial, the State put on evidence that Burgess had provided two other men

with guns and instructed them how to rob a particular motel. Burgess drove the men

to the motel, the two men entered the motel, and they used these guns to rob the

owner. Burgess himself did not enter the motel. He drove the getaway vehicle.

The trial court instructed the jury:

> If you find that the defendant carried a firearm in the commission – excuse me – in the course of committing the robbery, you should find him guilty of robbery with a weapon.

> If you find that the defendant carried no firearm or weapon in the course of committing the robbery, but did commit the robbery, you should find him guilty only of robbery.

> A "firearm" is legally defined as a weapon which will or is designed to expel a projectile by the action of an explosive.

(R.1-11, Ex. Folder 2, App. A-1 at 481.) There was no objection to these instructions.

The jury found Burgess "Guilty as charged of Principal to Robbery with a

weapon." (R.1-11, Ex. Folder 1, App. A at 157.) According to the statute, robbery

with a weapon in violation of section 2(b) is a first degree felony, punishable by not

more than 30 years imprisonment. Fla. Stat. § 812.13(2)(b); Fla. Stat § 775.082. But,

3

Burgess was sentenced to life imprisonment, a permissible sentence for robbery with a firearm, in violation of section 2(a). At sentencing, Burgess' lawyer objected to the life sentence, stating that it was incorrect under Florida law and that the maximum statutory penalty was 30 years in prison. (R.1-11, Ex. Folder 1, App. A at 232.)

## II. PROCEDURAL HISTORY

Burgess appealed his conviction and sentence in the state courts arguing, in addition to other things not relevant to this appeal, (a) that his sentence exceeded the statutory maximum sentence for the offense of conviction and therefore was incorrect under state law, and (b) that it violated the rule set forth in *Apprendi v. New Jersey*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). (R.1-11, Ex. Folder 3, App. B.) Burgess argued that the jury had not found that he carried a firearm in the course of committing the robbery. (R.1-11, Ex. Folder 3, App. B at 13.) The State responded that Burgess had waived the *Apprendi* argument by failing to make it at trial and sentencing but acknowledged that the statutory maximum sentence for robbery with a weapon in violation of section 2(b) was 30 years imprisonment. (R.1-11, Ex. Folder 3, App. C at 4-5.) The court of

appeal affirmed Burgess' conviction and sentence in a per curiam opinion that did not provide reasoning for the decision. (R.1-11, Ex. Folder 3, App. D.)

Burgess then filed a Motion To Correct Illegal Sentence in the circuit court. In May 2003, the circuit court issued its order, determining that the motion was without merit and stating that Burgess "was convicted of a felony, punishable by life. The Defendant was sentenced, as a prison releasee reoffender, to life, based on his prior record, the date of his release from incarceration, and the facts of this case. The sentence was lawful." (R.1-11, Ex. Folder 3, App. G.). Burgess appealed, and the State responded. In its response, the State conceded that Burgess' conviction for robbery with a weapon as a prison releasee reoffender should only subject him to 30 years imprisonment but argued that the law of the case doctrine prevented the court from providing relief. (R.1-11, Ex. Folder 4, App. K at 2-3.) The State defined the law of the case doctrine as "requir[ing] that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." (*Id.*) The court of appeal affirmed without opinion. (R.1-11, Ex. Folder 4, App. N.)

Burgess then sought post-conviction relief in Florida courts. (R.1-11, Ex. Folder 4, App. Q.) He argued eight grounds for relief, including ineffective assistance of counsel for failing to move to dismiss the information as duplicitous in

5

that it charged more than one crime in a single count, failing to move for judgment of acquittal on the ground that the State had failed to prove that the firearms used in the crime were weapons under the statutory definition of weapon, and failing to object to the jury instructions given by the court on the definition of robbery with a weapon and the definition of a firearm as a weapon. (*Id.* at 2-5, 6-8, 8-11.) Burgess' first motion for post-conviction relief did not cite *Apprendi* or present any argument that his due process rights had been violated. The circuit court denied the motion, finding the three ineffective assistance claims listed above meritless because, "Defendant was tried for the correct charge and sentenced correctly, and the jury was instructed correctly on the right charges." (R.1-11, Ex. Folder 4, App. S at 2.) The court of appeal affirmed without opinion. (R.1-11, Ex. Folder 4, App. U.) Burgess appealed the denial of his first motion for post-conviction relief to the Supreme Court of Florida. (R.1-11, Ex. Folder 4, App. CC.) That court dismissed the case on the ground that it lacked jurisdiction. (R.1-11, Ex. Folder 4, App. DD.)

Burgess filed a second motion for post-conviction relief in which he argued, among other things, that his counsel was ineffective for failing to assert an *Apprendi* objection at his sentencing hearing. (R.1-11, Ex. Folder 4, App. X at 3.) The circuit court denied the motion as a subsequent motion that was procedurally barred. (R.1-

11, Ex. Folder 4, App. Y.) The court of appeal again affirmed without opinion. (R.1-11, Ex. Folder 4, App. AA.)

Burgess then filed this 28 U.S.C. § 2254 petition in federal court. He asserted nine grounds for relief, including the three ineffective-assistance-of-counsel claims identified above and a claim that his life sentence violated Florida law. (R.1-34 at 3-5, 19-21.) In briefs supporting the petition, Burgess argued both that the sentence violated Florida law and that it violated his federal right to due process because the jury did not find the use of a firearm, the fact that was used to enhance his sentence to life in prison rather than 30 years. (R.2-55 at 4-5.)

The district court denied the petition. The court found that the Florida court's decision that the three ineffective assistance claims listed above are meritless (because Burgess was tried for the correct charge, sentenced correctly, and the jury was instructed correctly) did not constitute a decision contrary to clearly established federal law or an unreasonable application of clearly established federal law or an unreasonable determination of the facts of the case. (R.2-50 at 15-16.) In a later order, addressing Burgess' ninth claim to relief based on sentencing error, the district court addressed the state law sentencing argument Burgess presented and concluded that the error alleged was not a proper ground for federal habeas relief. (R.2-59 at 5-7.) The district court found that any *Apprendi* argument was procedurally barred

from review because Burgess did not raise it at his trial or sentencing. (*Id.* at 3.) But, the district court addressed on the merits what it considered to be a different due process argument–that the jury did not make the finding that a firearm was used in the robbery–and held that Burgess' due process rights were not violated because the information charged robbery with "a weapon, to wit, a firearm;" the only proof at trial of any weapon was proof that firearms were used; the jury was instructed that if it found the use of a firearm, it should find guilt as to the charge of robbery with a weapon; and the choice marked by the jury on the verdict form stated, "Guilty as charged of Principal to Robbery with a weapon." (*Id.* at 7-12.) Burgess appeals.

## III. ISSUES ON APPEAL

The district court granted Burgess a certificate of appealability on his sentencing error claim only. This court expanded the certificate of appealability to include claims by Burgess that his counsel was ineffective for failing to move for dismissal of the information on the ground that the robbery charge was duplicitous, for failing to move for a judgment of acquittal, and for failing to object to the jury instructions.[1]

---

[1]Burgess also argues that his counsel was ineffective in that he failed to argue that the information was constructively amended by the proof at trial and the court's instructions to the jury. We do not address this argument, as it is beyond the scope of the certificate of appealability. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that appellate review is limited to the issues specified in the certificate of appealability).

## IV.  STANDARDS OF REVIEW

We consider de novo the denial of habeas relief by the district court.  *Crowe v. Hall*, 490 F.3d 840, 844 (11th Cir. 2007) (*citing McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005)).  Burgess' habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996.  Therefore, unless the decision of the Florida court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court," that decision will not be disturbed on habeas review.  *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003); 28 U.S.C. § 2254(d).

"'Whether [Burgess] is procedurally barred from raising particular claims is a mixed question of law and fact that we review de novo.'"  *Ogle v. Johnson*, 488 F. 3d 1364, 1368 (11th Cir. 2007) (*quoting Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999)).

## V. DISCUSSION

A.     Due Process

Burgess makes one argument regarding his sentence: that it violates his due process rights because it is based on a finding not made by a jury beyond a reasonable doubt, namely that a firearm was used in the robbery for which he was convicted. The State responds that, though Burgess does not cite *Apprendi*, his argument is an *Apprendi* argument that: (a) is procedurally barred because Burgess did not present it at trial or sentencing; and (b) has no merit because the jury did find that a firearm was used in the robbery.

We agree with the State that, though Burgess does not identify it as such, his due process argument is an *Apprendi* argument. And, Burgess never raised this argument at trial or sentencing. But, we do not conclude that this claim is procedurally barred. Burgess presented the same federal constitutional claim that he presents here to the Florida court of appeal, on direct appeal. That court affirmed Burgess' conviction and sentence in a per curiam opinion without reasoning. Therefore, we presume that the court of appeal decided the issue on the merits. *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states

10

that its judgment rests on a state procedural bar.") (quotations omitted). And, we review the state court's action to determine if it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Clark*, 335 F.3d at 1308.

Considering Burgess' due process claim under this standard, we find his argument meritless. Burgess argues that his sentence was enhanced by the fact that a firearm was used in the robbery, which fact was not found by the jury. We agree with the district court, however, that the jury considered and determined, beyond a reasonable doubt, that Burgess was guilty of carrying a firearm in the course of committing the robbery. As the district court stated, the information charged Burgess with robbery with a weapon, "to wit, a firearm;" at trial, the only proof of any weapon was proof that the robbers carried two firearms; the jury was instructed that if it found that the defendant carried a firearm in the course of committing the robbery, it should find guilt as to the charge of robbery with a weapon; and the verdict choice marked by the jury stated, "Guilty as charged of Principal to Robbery with a weapon." There was no violation of the *Apprendi* rule. The state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly

11

established federal law, and was not based on an unreasonable determination of the facts.

B.     Assistance of Counsel

Burgess argues that his counsel was ineffective because he failed to object to the information as duplicitous in that it charged more than one crime (namely, robbery with a weapon and robbery with a firearm) in a single count and therefore failed to provide him with proper notice of the crime charged. Burgess also argues that his counsel was ineffective in failing to move for acquittal where the State had not proven that the firearms used in the robbery were weapons within the statutory definition. And, Burgess argues that his counsel was ineffective in failing to object to the jury instructions because they misstated the elements of the crime with which he was charged. Specifically, Burgess argues that the jury instructions incorrectly allowed the jury to find him guilty of robbery with a weapon if the jury found that a firearm was used in the robbery. These arguments are based on Burgess' contention that the statutory definition of weapon excludes a firearm. *See* Fla. Stat. § 790.001(13) ("'Weapon' means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.").

12

In response to all of Burgess' ineffective assistance claims, the State argues that the state court's finding that Burgess' counsel did not perform deficiently is entitled to deference because it does not conflict with or unreasonably apply federal law. The State argues that the information charged Burgess with one crime only – principal to robbery with a weapon. And, the State argues that, under Florida law, a firearm is a weapon. In support of this, the State cites: (a) Fla. Stat. § 790.001(6), defining firearm as "any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive;" (b) *Dale v. State*, 703 So. 2d 1045, 1046 (Fla. 1997), holding that the definitions for firearm and weapon in the Florida Standard Jury Instructions are correct statements of the law; and (c) The Florida Standard Jury Instructions In Criminal Cases which define a weapon as "any object that could be used to cause death or inflict serious bodily harm." Fla. Std. Jury Instr. (Crim.) 15.1. Therefore, the State argues, there was no deficient performance by Burgess' counsel in not moving for acquittal on this ground or in not objecting to the jury instructions.

All three of Burgess' ineffective-assistance-of-counsel claims presented to this court fail. As the district court recognized, they do so for one reason: because, in response to Burgess' first motion for post-conviction relief, the circuit court found that there was no error under state law in the manner in which Burgess was charged,

13

in the jury instructions, or in the sentence.  (*See* R.1-11, Ex. Folder 4, App. S at 2.) ("Defendant was tried for the correct charge and sentenced correctly, and the jury was instructed correctly on the right charges.")  That decision was affirmed by the court of appeal.  While the affirmance was a per curiam opinion without reasoning, we presume that the court of appeal's decision affirms the reasoning, as well as the judgment of the circuit court.  "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" *Sweet v. Sec'y, Dept. of Corrs.*, 467 F.3d 1311, 1316-1317 (11th Cir. 2006) (*quoting Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991)); *see also Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990) (noting that the "clear inference" to be drawn from a per curiam affirmance without written opinion is that the appellate court "accepted not only the judgment but the reasoning of the trial court.").

Given the state courts' holdings, Burgess cannot make the showings required under federal law to demonstrate ineffective assistance.  Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), a defendant claiming ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064. If the charging document, jury instructions, and sentence were all correct under

14

Florida law, as the Florida courts have told us they were, Burgess' counsel's performance in failing to challenge the charging document, the jury instructions, or the state's proof cannot be considered deficient. *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) (holding where "claims were meritless, it was clearly not ineffective for counsel not to pursue them."). These findings also mean that Burgess cannot show that he suffered prejudice resulting from his attorney's performance. *See Lockhart v. Fretwell,* 506 U.S. 364, 374, 113 S. Ct. 838, 845 (1993) ("the court making the prejudice determination may not consider the effect of an objection it knows to be wholly meritless under current governing law ….") (O'Connor, J. concurring).

Burgess is correct that the information was confusing in that it cited Fla. Stat. § 812.13(2)(b) (robbery with a weapon) but identified the weapon as a firearm. It appears to this court that the information should have cited Fla. Stat. § 812.13(2)(a) (robbery with a firearm) instead. In an effort to address the confusing information, the State argues that a firearm is a weapon under Florida law. That argument, however, does not explain the fact that Burgess was sentenced to life in prison even though the statutory maximum penalty for robbery with a weapon in violation of section 812.13(2)(b) is 30 years imprisonment. But, the propriety of the sentence, under Florida law—which Burgess' counsel did object to—is not before us in this appeal.

15

The Florida courts have determined that the errors Burgess alleges do not exist. Whether we agree with the state courts' assessment regarding the correctness of the charging document, jury instructions, or sentence is irrelevant. Our review is limited to determining whether the state courts reached a result contrary to or involving an unreasonable application of clearly established federal law or an unreasonable determination of the facts. The state courts' decision that Burgess' right to counsel was not violated rests on interpretation of Florida law. It does not conflict with or unreasonably apply any federal law. And, it is not based upon an unreasonable factual finding.

## VI. CONCLUSION

For these reasons, federal habeas corpus relief is not available to Burgess. The district court properly denied the petition.

AFFIRMED.