[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11080
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-00081-ACC-GJK


KENYA MIRANDA HILL,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2014)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Kenya Miranda Hill, a Florida state prisoner, appeals the district court's dismissal of her 28 U.S.C. § 2254 habeas corpus petition. Hill was convicted of second-degree murder and aggravated child abuse of her daughter. On appeal, a certificate of appealability (COA) was issued with respect to the following issues:

> (1) Whether Hill's trial counsel was constitutionally deficient under Strickland v.Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), for failing to object to evidence of her prior crimes, or failing to move for a mistrial after such evidence was admitted?
>
> (2) Whether Hill's trial counsel was constitutionally deficient under Strickland for failing to object to the state's statement in closing argument that she had confessed to a lesser-included offense?
>
> (3) Whether Hill's trial counsel was constitutionally deficient under Strickland for failing to investigate or obtain her or her husband's phone records, particularly for the days surrounding her daughter's death?
>
> (4) Whether a claim to cumulative error is cognizable in federal habeas proceedings and, if so, whether cumulative error denied Hill her constitutional right to a fair trial?

We address the four issues in turn. After careful review, we affirm the district court's denial of habeas relief.

## I. LEGAL BACKGROUND

Federal courts cannot grant habeas relief to a state prisoner unless the state court's decision was (1) contrary to, or an unreasonable application of, clearly

2

established federal law as defined by Supreme Court precedent or (2) based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).  We review the district court's decision de novo, but we "owe deference to the final state habeas judgment."  Hall v. Thomas, 611 F.3d 1259, 1284 (11th Cir. 2010) (quotation marks omitted).  Further, our review is "highly deferential" to the district court's denial of a § 2254 petition.  Davis v. Jones, 506 F.3d 1325, 1331 (11th Cir. 2007) (quotation marks omitted).   Factual determinations made by a state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The merits of an ineffective-assistance-of-counsel claim are governed by the standard announced in Strickland.  Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511 (2000).  Under Strickland, a petitioner must show both (1) that his "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense."  466 U.S. at 687, 104 S. Ct. at 2064.  Strickland is not applied de novo, "but rather through the additional prism of AEDPA deference."  Lawrence v. Sec'y, Fla. Dep't of Corr., 700 F.3d 464, 477 (11th Cir.), cert. denied, 133 S. Ct. 1807 (2012).  "Under this doubly deferential standard, the pivotal question is whether the state court's application of the Strickland standard was unreasonable."  Id. (quotation and alteration marks omitted).

3

The court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. "Defense counsel are allowed a considerable breadth of discretion in choosing their trial strategies." Fleming v. Kemp, 748 F.2d 1435, 1451 (11th Cir. 1984). To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

## II.  COA ISSUE ONE:  FAILURE TO OBJECT TO EVIDENCE OF PRIOR CRIMES AND FAILURE TO MOVE FOR A MISTRIAL

Hill argues that her counsel was deficient for failing to object to evidence of her prior crimes and failing to move for a mistrial after evidence of prior crimes was admitted.  At trial, a recorded conversation was played for the jury between Hill and Detective Mark Hussey.  In that conversation, Hussey stated:

> [W]e're gonna discuss with you, Kenya, the results of the autopsy.  Again, I'm Detective Hussey.  This is my partner, Detective Russell . . . Again, we're sorry for your loss of your child.  Since you are under arrest for some other charges, we're gonna have to read you [your] rights again, make sure you understand them, and talk to you okay?

4

Although Hill was charged with more than one offense in this case, on the recording Hussey was referring to charges not at issue in this case. This was the only reference to "other charges" during Hill's trial at issue in this appeal.[1]

The district court correctly concluded that Hill was not entitled to habeas corpus relief with respect to this issue. Counsel's failure to object to Hussey's reference that Hill was under arrest for other charges did not constitute deficient performance. Only a single reference was made, and the reference was vague. The jury could have easily understood the statement to be referring to the fact that Hill was under arrest for multiple charges in this case. Even if the reference was to other charges not associated with her daughter's death, it was reasonable that counsel would not wish to draw attention to this vague reference by raising an objection. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065 ("A fair assessment of attorney performance requires that every effort be made to . . . evaluate the conduct from counsel's perspective at the time."). Beyond the brief and vague nature of the reference, Hussey did not specify a charge against Hill for any charge not associated with her daughter's death. All of this supports the conclusion that there is no reasonable probability that, but for counsel's failure to object to the

---

[1] Hill's arguments that counsel failed to object to evidence of old injuries as well as evidence that Hill's other children exhibited signs of child abuse were raised for the first time on appeal. She has therefore waived these issues. Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994).

reference, the result of the proceeding would have been different.  Id. at 694, 104 S. Ct. at 2068.

The state court found "that there is no reasonable probability that the testimony of the police referencing the collateral crimes affected the jury's verdict in the instant case."  That decision was not contrary to, or an unreasonable application of, federal law.  Therefore, we affirm the district court's denial of § 2254 relief with respect to this issue.

### III.  COA ISSUE TWO:  FAILURE TO OBJECT TO THE STATE'S COMMENTS DURING CLOSING

During closing, the state addressed certain comments made by Hill in her trial testimony.  According to her trial testimony—which, as the jury heard, contradicted what she previously told the police—her husband picked up their daughter "and slammed her on the floor."  Hill testified that she did not call 911 after the incident in which her daughter was killed.  During closing, the state told the jury, "You'll have some lesser includeds to consider, and I'd like to talk about some of those, because Miss Hill, just a few short minutes ago, actually confessed to one of the lesser includeds."  The state argued that Hill committed child abuse on her daughter, and as a result, the child died.  It described "the first lesser included" offense of second-degree murder.  The state did not specifically refer to any statement of Hill.  Counsel for Hill did not object.  The state then began to describe a second lesser-included offense:  manslaughter.  The state indicated that

6

even if the jury believed Hill's trial testimony—and the state paraphrased that testimony—that Hill committed manslaughter because her child was severely injured and she did not call 911 to get help.

Counsel for Hill interjected and objected.  In a sidebar, Hill's counsel argued that the state's argument that not calling the police was culpable negligence or manslaughter was not correct.  The state responded that, because Hill knew that her child was injured and failed to act, this was an act of culpable negligence.  The jury was excused.  Counsel for Hill explained that manslaughter was a lesser-included offense of murder.  However, manslaughter for failing to report or failing to take action after another person commits a crime was a separate crime, not a lesser-included offense.  Counsel for the state responded, "I'll withdraw the argument."

The jury was brought back into the courtroom.  The state court instructed the jury that an act of the defendant would be needed to support the charge of manslaughter; a failure to get aid for an injury caused by someone else was not enough.  The state then continued its closing argument and told the jury that they could find Hill guilty of manslaughter if they believed that she acted negligently toward her child.  That negligence would have needed to be gross and flagrant, and part of a course of conduct showing reckless disregard of human life or the safety of others.  The state then indicated that Hill's statement to the police about what happened, where Hill said she started to pull her daughter and she bumped her

7

head, fell on the floor, and died, might be manslaughter. But the state went on to argue that what happened was a lot more than manslaughter.

The district court did not err in denying Hill habeas relief on her claim that counsel was ineffective by failing to object to the comments made by the state during closing. Hill concedes that her counsel objected to the state's argument that she confessed to the lesser-included offense of manslaughter. But she argues that her counsel was constitutionally deficient in failing to object to the state's argument that she also confessed to the lesser-included offense of second-degree murder. She expressly recognizes that the state withdrew its argument regarding manslaughter, but not regarding second-degree murder.

Hill is challenging the state court's determination that the state was referring to the lesser-included offense of manslaughter when it said that Hill had confessed to one of the lesser-included offenses. That determination is presumed to be correct, and Hill did not rebut it by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state expressly stated that Hill confessed to "one," not multiple lesser-included offenses. And the state then specifically referenced Hill's testimony and suggested that even if the jury believed it, Hill committed manslaughter. In this context, Hill cannot demonstrate that the state was referring to second-degree murder rather than manslaughter when it stated that she confessed to "one" of the lesser-included offenses. The state court's decision to

8

deny Hill's motion for postconviction relief with respect to this issue was not contrary to, or an unreasonable application of, federal law, or an unreasonable determination of facts. Therefore, we affirm the district court's denial of § 2254 relief on this issue.

## IV.  COA ISSUE THREE:  FAILURE TO OBTAIN PHONE RECORDS

Hill argues that her counsel was deficient for failing to investigate or obtain her and her husband's phone records, particularly for the days surrounding her daughter's death. Hill's defense focused on her claim that her husband caused her daughter's death and then coached her to lie to the police about what happened. To rebut this defense, the state called Hill's husband, who said he was not in the same state as Hill and their daughter on the date of their daughter's death. Hill argues that the phone records would have revealed her husband's location and could have been used for impeachment on cross-examination.

The district court correctly concluded that Hill was not entitled to habeas corpus relief with respect to this issue. Because Hill has not shown what the phone records would have demonstrated, she has not proved a reasonable probability that presenting the phone records would have changed the outcome of the proceeding. Strickland, 466 at 694, 104 S. Ct. at 2068. The state court's decision to deny Hill's motion for postconviction relief with respect to this issue was not contrary

to, or an unreasonable application of, federal law.  Thus, we affirm the district court's denial of § 2254 relief on this issue.

## V.  COA ISSUE FOUR:  CUMULATIVE ERROR CLAIM

Finally, Hill asks this Court to recognize a claim for cumulative error because she argues that in this case doing so would result in a determination that she was denied her constitutional right to a fair trial.  The errors she claims are present are the three already discussed, along with a fourth:  the admission of her daughter's autopsy photographs.

"The cumulative error doctrine provides that an aggregation of non-reversible errors . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal."  United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005) (quotation marks omitted).  In a previous case, we analyzed a cumulative error claim by assuming without deciding that such a claim in the context of ineffective assistance of counsel would be cognizable in the habeas context, and we affirmed the denial of the claim on the merits.  See Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132 & n.3 (11th Cir. 2012).  As in Morris, we need not decide the issue here because, even assuming a claim of cumulative error is cognizable in federal habeas proceedings, Hill would not be able to satisfy that standard.

We begin with a discussion of Hill's argument regarding the admission of autopsy photographs. We review state court evidentiary rulings on a petition for habeas corpus to determine only "whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial." Futch v. Dugger, 874 F.2d 1483, 1487 (11th Cir. 1989). "The evidence must be so inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial." Id. Generally, the introduction of photographic evidence of a crime victim does not violate a defendant's right to a fair trial. Id. To constitute a violation of a defendant's due process rights, the admitted evidence must have been (1) erroneously admitted, and (2) "material in the sense of a crucial, critical, highly significant factor in the [defendant's] conviction." Williams v. Kemp, 846 F.2d 1276, 1281 (11th Cir. 1988) (quotation marks omitted).

Under Florida law, for photographic evidence to be admissible it must be relevant to a material fact in dispute. Boyd v. State, 910 So. 2d 167, 191 (Fla. 2005) (per curiam). Autopsy photographs in particular are admissible, even when difficult to view, to the extent that they fairly and accurately establish a material fact and are not unduly prejudicial. Id. at 192. The Florida Supreme Court has "repeatedly upheld the admission of photographs when they are necessary to explain a medical examiner[']s testimony, the manner of death, or the location of the wounds." Id.

11

In Hill's case, the autopsy photographs were properly admitted for the purpose of explaining the medical examiner's testimony about the injuries her daughter suffered.  And the state court mitigated Hill's concerns by instructing the jury not to be overly influenced by the gruesome nature of the photographs.  Therefore, the state court's admission of the photographs was not contrary to, or an unreasonable application of, federal law.

Even if we assume a claim of cumulative error is cognizable, Hill has failed to demonstrate that the combination of the four alleged errors here would meet the standard.  Baker, 432 F.3d at 1223; Morris, 677 F.3d at 1132 & n.3.  As a result, we affirm the district court's denial of § 2254 relief with respect to this issue.

## VI.  CONCLUSION

The district court is **AFFIRMED.**