PER CURIAM.
We affirm the circuit court’s summary denial of appellant’s Rule 3.850 motion for postconviction relief. The claims raised in the motion lack merit. We write to address two of the claims and to clarify the legal standard that applies to postconviction claims of ineffective assistance of counsel related to a defendant’s competency to proceed to trial or to enter a plea. We affirm the denial of the remaining claims without discussion.

Background

Appellant broke into the home of an 81-year old woman and sexually battered her. He was convicted after jury trial of sexual battery and burglary of an occupied structure and sentenced to two consecutive fifteen-year sentences. This court affirmed on direct appeal. Thompson v. State, 995 So.2d 979 (Fla. 4th DCA 2008) (table).
In the claims at issue, Appellant first asserts that his trial counsel was ineffective in failing to request a competency evaluation and in failing to demand a competency hearing. Appellant also asserts that the trial court abused its discretion in failing to sua sponte conduct a competency hearing. The latter aspect of Appellant’s claim is procedural in nature, but underlying both of these claims is an implication of actual incompetency to proceed at the time of trial, a so-called “substantive incompetency” claim.

Analysis

An important distinction exists between procedural and substantive incompetency claims. See James v. Singletary, 957 F.2d 1562, 1569-74 (11th Cir.1992). A procedural claim alleges that a court erred in failing to follow procedures adequate to protect a defendant’s right not to be tried while incompetent. A substantive incompetency claim, on the other hand, alleges that the defendant’s due process rights were violated by being proceeded against while actually incompetent.
As discussed in this opinion, the legal standard that courts apply to procedural claims differs significantly from the standard that applies to claims of substantive incompetency. Federal courts in habeas corpus proceedings allow postconviction claims of substantive incompetency to be raised, but the standard is stringent and the burden is on the movant to establish a sufficient likelihood of actual incompetency.
In Florida state courts, neither a procedural nor a substantive competency claim of trial court error may be raised in a postconviction motion. Nelson v. State, 43 So.3d 20, 33 (Fla.2010). Florida courts, however, continue to recognize a “narrow” claim of ineffective assistance of counsel for failure to raise a defendant’s alleged incompetency, see Jackson v. State, 29 So.3d 1161, 1162 (Fla. 1st DCA 2010), but the legal standard that applies to such claims is unsettled.

Procedural Pate Claims

The Supreme Court of the United States has long recognized that “the failure to observe procedures adequate to protect a defendant’s right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.” Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). A trial court’s failure to sua sponte order a competency hearing can result in a denial of procedural due process. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
Florida Rule of Criminal Procedure 3.210(b) requires a court to schedule a competency hearing if, at any material stage of the criminal proceeding, the court *317 has “reasonable ground to believe that the defendant is not mentally competent to proceed.” See also Scott v. State, 420 So.2d 595, 597 (Fla.1982) (recognizing that the court is obligated to schedule a hearing if there is reasonable ground to believe defendant may be incompetent). Rule 3.210 was enacted to satisfy the mandate of Drope and Pate by setting forth procedures sufficient to ensure that a defendant is not tried while incompetent. See Lane v. State, 388 So.2d 1022, 1025 (Fla.1980).
Pursuant to Pate, a rebuttable presumption of incompetency attaches if the defendant shows that the court failed to hold a competency hearing despite information creating a “bona fide” doubt as to competency. Nelson, 43 So.3d at 33 (citing James, 957 F.2d at 1570). Because of the difficulty or impossibility of retroactively determining competency, on direct appeal, a trial court’s error in failing to order a competency hearing under Rule 3.210(b) generally results in reversal for a new trial. See Tingle v. State, 536 So.2d 202, 204 (Fla.1988). The Pate presumption is prophylactic — to ensure that courts do not systemically fail to adequately safeguard the criminal defendant’s procedural due process right not to be tried while incompetent. The presumption does not apply in postconviction proceedings. Nelson 43 So.3d at 33. The net of procedural safeguards is broader in a direct appeal.
A Pate claim that the trial court erred in failing to follow procedures to ensure competency can and must be raised on direct appeal only. Nelson, 43 So.3d at 33; James, 957 F.2d at 1572; Bundy v. State, 538 So.2d 445, 447 (Fla.1989). Appellant’s claim that the trial court abused its discretion in failing to sua sponte conduct a competency hearing is procedurally barred.

Substantive Incompetency Claims

A criminal defendant has a due process right not to be proceeded against while incompetent. Medina v. California, 505 U.S. 437, 440, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992); Caraballo v. State, 39 So.3d 1234, 1252 (Fla.2010).
In Florida, a substantive incompetency claim can be raised on direct appeal only and is procedurally barred from being raised in a postconviction motion. Carroll v. State, 815 So.2d 601, 610 (Fla.2002); Patton v. State, 784 So.2d 380, 393 (Fla. 2000); Johnston v. State, 583 So.2d 657, 660 (Fla.1991).
In the recent decision in Nelson, the Florida Supreme court rejected the post-conviction movant’s substantive incompetency claim determining that the claim was “procedurally barred because he failed to raise it on direct appeal.” 43 So.3d at 33.[1]
*318 Nevertheless, the court further explained that the claim of substantive incompetency lacked merit because the mov-ant had not sufficiently shown that he was actually incompetent. Id. The court quoted with approval federal case law in habe-as corpus proceedings: “[A] petitioner is entitled to an evidentiary hearing on a substantive incompetency claim if he or she ‘presents clear and convincing evidence to create a real, substantial and legitimate doubt’ as to his or her competency.” Id. (quoting James, 957 F.2d at 1578) (additional citation omitted).
Federal decisions permit substantive incompetency claims to be raised in collateral proceedings but apply the stringent standard set out above. Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir.1995). To show entitlement to a postconviction evidentiary hearing on a substantive incompetency claim, “the standard of proof is high [and] the facts must positively, unequivocally, and clearly generate the legitimate doubt.” Id. (citations omitted). “[T]he petitioner must present a preponderance of ‘clear and convincing evidence’ of ‘positive’, ‘unequivocal’, and ‘clear’ facts ‘creating a real, substantial and legitimate doubt’ as [to] his competence.” Pardo v. Sec’ y, Fla. Dep’t. of Corr., 587 F.3d 1093, 1101 (11th Cir.2009) (quoting Medina, 59 F.3d at 1106).
Both Florida and federal decisions addressing postconviction claims involving alleged incompetence focus on actual prejudice, that is, whether the defendant was actually incompetent at the relevant time.

Ineffective Assistance Claims

Nelson also addressed a claim of ineffective assistance of counsel for failure to request a competency determination. 43 So.3d at 29. The court found that the movant had not established deficient performance by counsel. Id. Although the court did not determine whether prejudice was established, the court quoted Futch v. Dugger, 874 F.2d 1483 (11th Cir.1989), which states, “In order to demonstrate prejudice from counsel’s failure to investigate his competency, a petitioner has to show that there exists ‘at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.’ ” Id. at 1487 (emphasis supplied) (quoting Alexander v. Dugger, 841 F.2d 371, 375 (11th Cir.1988)); see also Johnston v. State, 63 So.3d 730, 741 (Fla.2011).
We agree that a postconviction movant claiming ineffective assistance of counsel for failure to investigate or request a competency determination must establish “at least ” a reasonable probability that he or she would have been found incompetent. We see no reason, however, why the standard should differ depending on whether the postconviction claim is couched as “substantive incompetency” or as “ineffective assistance of counsel.”
The general rule is that procedurally barred claims of trial court error cannot be raised in postconviction proceedings under the guise of ineffective assistance of counsel. Israel v. State, 985 So.2d 510, 520 (Fla.2008). Arguably, this rule would bar an ineffective assistance of counsel claim involving alleged incompetency. For example, in Patton, the Florida Supreme Court held that the defendant’s claim of ineffective assistance was not sufficient to overcome the procedural bar to the competency issue which should have been raised on direct appeal. 784 So.2d at 393.
Courts, however, have recognized post-conviction claims of ineffective assistance of counsel in connection with counsel’s handling of a defendant’s competency to *319 proceed. See, e.g., Jackson v. State, 29 So.3d 1161 (Fla. 1st DCA 2010); Coker v. State, 978 So.2d 809 (Fla. 1st DCA 2008). We now clarify the standard that applies to such a claim.
To establish ineffective assistance of counsel, the movant must show both counsel’s deficient performance and actual prejudice. See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland standard is stringent, and fearing that criminal trials might come to be followed by a “second trial,” the Court cautioned against allowing “intrusive post-trial inquiry” into an attorney’s performance. Id. at 690. Evidentiary hearings on non-capital postconviction claims should be rare.[2]
To satisfy the deficiency prong based on counsel’s handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed. The standard for competency to proceed is set out in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), and codified in Florida Rule of Criminal Procedure 3.211. The question is “whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings.” Fla. R.Crim. P. 3.211(a)(1). Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing. See Atwater v. State, 788 So.2d 223, 229 (Fla.2001). “[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.” Card v. Singletary, 981 F.2d 481, 487-88 (11th Cir.1992). “[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.” Medina, 59 F.3d at 1107.
The prejudice standard that applies to a typical claim of ineffective assistance of counsel, whether a reasonable probability exists that the outcome of the proceeding would differ, is ill-suited to a claim of alleged incompetency. The issue is not whether the outcome of the trial would have differed. Likewise, the Pate presumption and standard are inapplicable. The issue is not whether, had counsel acted differently, the court would have been required to hold a competency hearing under Rule 3.210. The focus of the prejudice inquiry is on actual prejudice, whether, because of counsel’s deficient performance, the defendant’s substantive due process right not to be tried while incompetent was violated. In order to establish prejudice in a properly raised ineffective assistance of counsel claim, the postconviction movant must, as with a substantive incompetency claim, set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to the movant’s competency. Cf. Luckey v. State, 979 So.2d 353, 354 (Fla. 5th DCA 2008) (holding that ineffective assistance of counsel claim was insufficient *320 where defendant had not alleged actual incompetency); see also Gillis v. State, 807 So.2d 204 (Fla. 5th DCA 2002); Baker v. State, 404 So.2d 1151 (Fla. 5th DCA 1981) (recognizing that conclusory and uncorroborated postconviction claims alleging incompetency were insufficient to warrant an evidentiary hearing).
The presumption of incompetency that can arise when a Pate claim is raised on direct appeal does not apply in a post-conviction posture. See James, 957 F.2d at 1571-72. A postconviction proceeding is not a second appeal, and procedural errors that may be reversible on direct appeal do not necessarily merit postconviction relief. See Ives v. State, 993 So.2d 117, 121 (Fla. 4th DCA 2008). The wider protective net cast in a direct appeal by the Pate presumption is inappropriate to a postconviction claim of ineffective assistance of counsel.
A strong interest in finality attaches once a conviction has been upheld on appeal. Johnson v. State, 904 So.2d 400, 407 (Fla.2005) (quoting Witt v. State, 387 So.2d 922, 925 (Fla.1980)). The conviction and sentence are presumptively valid and correct. In addition, trial counsel is strongly presumed to have provided effective assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052; Johnson v. State, 921 So.2d 490, 500 (Fla.2005). Accordingly, a postconviction movant is presumed to have been competent, and the burden is on the movant to show otherwise.
To be entitled to an evidentiary hearing on this type of claim, the movant must set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to competency. In making this determination, a court may consider the totality of the circumstances, including: (1) the nature of the mental illness or defect which forms the basis for the alleged incompetency; (2) whether the movant has a history of mental illness or documentation to support the allegations; (3) whether the movant was receiving treatment for the condition during the relevant period; (4) whether experts have previously or subsequently opined that defendant was incompetent; and (5) whether there is record evidence suggesting that the movant did not meet the Dusky standard during the relevant time period.

The Present Case

In this case, appellant simply alleged that he had “a history of mental disorders with alcohol and drug dependency.” He attached to his motion a psychological evaluation prepared before trial by a confidential expert retained by the defense. He claims that counsel should have requested a competency hearing.
Before trial, defense counsel had appellant examined by a clinical and forensic psychologist. The psychologist reported that appellant, who was 35 years old at the time of the evaluation, was borderline retarded (70 IQ) and had a history of depression, as well as a 20-year history of crack cocaine abuse. As a teenager, appellant was on several occasions admitted to a mental hospital for evaluation of oppositional and rebellious behavior. He had a history of attempted suicide. The motion does not indicate that appellant has ever been diagnosed with a mental illness or any condition that would impact his ability to understand the proceedings or assist counsel.
These circumstances are not sufficient to raise a legitimate doubt as to competency or to require an evidentiary hearing in this non-capital case. As the Florida Supreme Court observed, in Bush: “The numerous psychological problems now pointed out, such as learning disabilities, a passive and dependent personality, and possible ‘dif *321 fuse organic brain damage’ do not, when taken together, sufficiently raise a valid question as to [the movant’s] competency to stand trial.” 505 So.2d at 411 (citation omitted). Similarly, appellant’s history of drug abuse, depression, and aggressive, rebellious behavior do not raise a valid question as to his competency to stand trial.
Florida does not recognize a diminished capacity defense. Chestnut v. State, 538 So.2d 820 (Fla.1989). Many people have a low IQ or suffer from behavioral and mood disorders and are able to function in today’s society. The fact that one suffers from mental disorders and has a history of behavioral problems or drug abuse does not mean “that one may engage in violent, dangerous behavior and not be held accountable.” James, 489 So.2d at 739. Further, a suicide attempt is not alone sufficient to raise a question about competency to stand trial. Nelson, 43 So.3d at 29. This court has rejected the notion “that anyone with a low intelligence is automatically suspect as being legally incompetent to stand trial.” Fuse, 642 So.2d at 1146.
Finally, at trial, the defense presented the psychologist as a defense expert witness, and he testified that, in his opinion, appellant did not understand the Miranda[3] rights he waived in his taped statement to police because of his low IQ and intoxication on drugs and alcohol at the time of the statement. On cross-examination, although the expert had not examined appellant for competency, the expert acknowledged that appellant understood that he was on trial, understood the role of defense counsel, the prosecutor, the judge and the jury, and was able to communicate with defense counsel.

Conclusion

A claim of trial court error for failure to sua sponte make a competency determination is procedurally barred from being raised in a postconviction motion. The standard that applies on direct appeal to a procedural Pate claim is inapplicable in postconviction proceedings.
Postconviction evidentiary hearings regarding competency issues are reserved for extraordinary situations where the movant makes a strong preliminary showing that competency to proceed was legitimately in question at the relevant stage. To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel based on the movant’s alleged incompetency at the time of a plea or trial, the movant must set forth circumstances that create a real, substantial and legitimate doubt as to his or her ability to understand the charges or assist counsel.
Appellant in this case failed to set forth circumstances sufficient to warrant an evi-dentiary hearing on his claim. The record demonstrates that trial counsel did not perform ineffectively in failing to seek a competency determination.

Affirmed.

WARNER, TAYLOR and CIKLIN, JJ., concur.

. Prior decisions appear to have acknowledged the viability of postconviction substantive incompetency claims where the circumstances strongly suggested actual incompetency. See Jones v. State, 478 So.2d 346, 347 (Fla.1985), on appeal after remand, 740 So.2d 520 (Fla.1999). The supreme court has distinguished Jones where the circumstances suggesting substantive incompetency were not strong. Bush v. Wainwright, 505 So.2d 409, 410-11 (Fla.1987); James v. State, 489 So.2d 737, 739 (Fla.1986).
In Hill v. State, 473 So.2d 1253 (Fla.1985), where the evidence suggesting substantive incompetency was compelling, the court granted postconviction relief based on the trial court's failure to have sua sponte conducted a competency hearing. Soon thereafter, the court distinguished Hill where the circumstances suggesting actual incompetency were not compelling. Card v. State, 497 So.2d 1169 (Fla.1986); Mason v. State, 489 So.2d 734 (Fla.1986); see also Fuse v. State, 642 So.2d 1142 (Fla. 4th DCA 1985) (distinguishing Hill).
Postconviction claims of incompetency are extremely fact-dependent. Relief has been available only where the circumstances *318 strongly suggest actual incompetency. These principles guide the holding in this case.

. Capital postconviction proceedings are different. See generally Fla. RXrim. P. 3.851. Postconviction evidentiary inquiry into a capital defendant’s mental capacity is more common because mental capacity is relevant to the penalty phase of the proceedings. See Thompson v. State, 3 So.3d 1237 (Fla.2009); Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002); Fla. R.Crim. P. 3.202 (setting out procedures for presenting expert testimony for mental mitigation during the penalty phase); Fla. R.Crim. P. 3.203 (setting out procedures for determining whether retardation is a bar to the death penalty).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).