IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LEETO L. ALLEN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5476

_____/

Opinion filed March 15, 2017.

An appeal from the Circuit Court for Duval County.
Waddell A. Wallace, III, Judge.

Leeto L. Allen, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Leeto L. Allen appeals from the final order of the lower court denying his motions for postconviction relief. Those motions and Allen's petition for writ of habeas corpus—which the lower court converted to a motion for postconviction relief—all raised the same arguments: Allen's convictions and sentences should be

vacated because the presiding trial court judge did not conduct an evidentiary hearing on his competency following the issuance of an October 5, 2010, competency evaluation finding him competent to proceed to trial, and did not enter an order expressly finding him competent to proceed. Important to our assessment of Allen's contentions, Allen did not file a direct appeal.

The lower court was correct in denying Allen relief. "The competency issue is procedurally barred because it should have been raised on direct appeal." Patton v. State, 784 So. 2d 380, 393 (Fla. 2000) (citing Johnston v. Dugger, 583 So. 2d 657, 659 (Fla. 1991)); accord Thompson v. State, 88 So. 3d 312, 317 (Fla. 4th DCA 2012) (a defendant's claim that the trial court "erred in failing to follow procedures to ensure competency can and must be raised *on direct appeal only*") (emphasis in original) (citing Nelson v. State, 43 So. 3d 20, 33 (Fla. 2002)), rev. denied, 107 So. 3d 407 (Fla. 2012). Likewise, a defendant's substantive claim that he or she has a due process right not to be proceeded against while incompetent can be raised on direct appeal and is procedurally barred from being raised in a postconviction motion. Carroll v. State, 815 So. 2d 601, 609-10 (Fla. 2002); Patton, 784 So. 2d at 393.

Allen did not raise his claim on direct appeal. Therefore, Allen is procedurally barred from raising it in a postconviction motion.

AFFIRMED.

ROBERTS, C.J., JAY, and WINSOR, JJ., CONCUR.