# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-3147
_____

HOLLY ELIZABETH CAUDLE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Judge.

August 16, 2019

PER CURIAM.

AFFIRMED.

KELSEY and M.K. THOMAS, JJ., concur; B.L. THOMAS, J. concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

B.L. Thomas, J., concurring.

Appellant, Holly Elizabeth Caudle, appeals the denial of her postconviction motion filed pursuant to Florida Rule of Appellate Procedure 3.850. Because each of the grounds asserted for relief is either meritless or refuted by portions of the record that were attached to the order, I concur with the affirmance.

Appellant was charged as a Principal to Home Invasion Robbery with a Deadly Weapon in violation of sections 777.011 and 812.135, Florida Statutes, and Child Abuse by Intentional Act that Could Reasonably be Expected to Result in Physical or Mental Injury in violation of section 827.03, Florida Statutes. Appellant signed a Sentence Recommendation in which she pleaded no contest to these charges without an agreement as to the sentence. The trial court adjudicated her guilty based on her plea and sentenced her to concurrent terms of 20 years' imprisonment for the robbery charge and five years' imprisonment for the child abuse charge.

In her timely postconviction motion, Appellant raised seven grounds for relief alleging ineffective assistance of counsel. She also claimed that the cumulative effect of counsel's errors resulted in a fundamentally unfair trial.

Appellant alleged that counsel told her that he was going to have her sentenced as a youthful offender with a 364-day jail sentence and 5 years' probation or community control. This advice, according to Appellant, fell below the standard of effective assistance of counsel because she was not eligible for sentencing as a youthful offender and she did not receive the promised sentence. Appellant asserted that she would not have pleaded no contest and would have insisted on going to trial had she been properly advised.

The postconviction court denied relief on this ground because Appellant was not misadvised regarding her eligibility to be sentenced as a youthful offender and the plea colloquy refuted her claim that she was coerced into entering the plea with a promise that she would be given a specific sentence.

The trial court properly denied relief on this claim. While youthful offender sentencing does not apply to any person found to be guilty of a capital or life felony, *see* § 958.04(l)(c), Fla. Stat. (2014), Appellant was not convicted of a capital or life felony. *See Stewart v. State*, 201 So. 3d 1258, 1260 (Fla. 1st DCA 2016); *Williams v. State*, 405 So. 2d 436, 438 (Fla. 1st DCA 1981) (explaining that a life felony is limited to that class of felonies for which one may be punished "by a term of imprisonment for life or for a term of years not less than 30" (internal quotation marks and citation omitted)). Rather, Appellant was convicted of child abuse, a third-degree felony, and home invasion robbery with a deadly weapon, a first-degree felony punishable by a term of imprisonment not exceeding life. Further, the sentencing court considered imposing a youthful offender sentence in this case but rejected such sentencing in light of Appellant's co-defendants' sentences, the nature of the charges, and the surrounding circumstances of this case. Accordingly, counsel did not misadvise Appellant that she could receive a youthful offender sentence. Appellant's sworn testimony wherein she stated that she was not promised a specific sentence and she understood that she could be sentenced for a term of years up to life imprisonment refutes her claim that she was induced into pleading by a promise of a specific sentence.

Appellant's second claim alleged that her plea was involuntary because she did not have enough time to discuss the case with counsel and the plea was based on counsel's promise to have her sentenced as a youthful offender, even though counsel knew there was no evidence that she was principal to the home invasion robbery. Appellant asserted that counsel should have advised her to go to trial and not to enter a plea because there was no evidence that she had any knowledge of what her co-defendants intended to do before they did it. The trial court denied relief on this claim because it was refuted by the record.

The trial court properly denied relief on this claim for the reasons discussed under the first claim and because this claim is refuted by the record. Although counsel tried to reduce Appellant's apparent culpability by arguing that the evidence did not show that she had knowledge of her co-defendant's intentions, such knowledge may be inferred from the factual basis for the plea. The

factual basis is provided in the Sentence Recommendation Appellant signed, which included the fact that Appellant set up a meeting with the victim; Appellant, along with her co-defendants, unlawfully entered the victim's home; and, while inside, co-defendants struck the victim and stole several items including money, handguns, shotguns, and an assault rifle. Appellant also failed to show that she was prejudiced by the limited amount of time she had to discuss her case with counsel or how additional time would have made a difference.

Appellant next argued that counsel was ineffective for failing to depose her three co-defendants, who would have supported Appellant's theory of the case that she was not complicit in the home invasion robbery. Specifically, Appellant asserted that her co-defendants would have attested to their initial statements to the effect that Appellant merely needed a ride to the victim's residence. The trial court denied relief on this ground because Appellant waived her right to have trial counsel investigate or put forth a defense when she pleaded.

The trial court properly denied relief on this claim. *See Clift v. State*, 43 So. 3d 778, 779 (Fla. 1st DCA 2010) ("By entering a plea to the charges, Appellant waived his right to have counsel investigate or put forward a defense....") To the extent Appellant challenged counsel's effectiveness at sentencing, the claim was properly denied because Appellant testified that she was satisfied with counsel's representation and, as alleged, the co-defendants' statements do not tend to show that Appellant was not complicit in the scheme to rob the victim. Even had counsel deposed them and they attested to their initial statements, the deposition testimony would not have shown Appellant was not a principal or cast doubt on her guilt or culpability.

Appellant argued that counsel was ineffective for failing to advise her that she could withdraw her plea. By the time Appellant learned that she could have withdrawn her plea, her appeal had been filed and it was too late. Had she known she could withdraw her plea, Appellant claimed that she could have filed a motion detailing counsel's promises, there would have been an evidentiary hearing, and she would have been allowed to withdraw her plea and proceed to trial or she could have raised the issue in her direct

4

appeal. The trial court denied relief because counsel did not have a duty to advise Appellant that she could move to withdraw the plea. Further, had Appellant moved to withdraw the plea, the motion would have been denied.

The trial court properly denied relief on this claim. The only basis suggested in the postconviction motion that could support a motion to withdraw the plea was Appellant's allegation that counsel promised her a specific sentence as a youthful offender. As explained earlier, counsel was not ineffective in advising Appellant that she was eligible for youthful offender sentencing and her claim is otherwise refuted by the record. Therefore, any motion to withdraw her plea on these grounds would not have been granted. Counsel cannot be deemed ineffective for failing to inform Appellant of her right to file a motion to withdraw plea.

Appellant argued that counsel was ineffective for failing to have her psychologically evaluated. She asserted that she had been diagnosed with ADHD and was Manic Depressive with Bipolar Disorder and Anxiety and had been prescribed various medications for these ailments. She had attempted suicide twice when she was 12-13 years old and was admitted to a crisis stabilization unit on both occasions. She suffers from Battered Women's Syndrome. Appellant had been taking medication until a week before the instant crime, when her medication ran out. Appellant attempted to explain these problems to counsel, but he did not pursue this issue or have her evaluated. Had he done so, the evaluation would have shown why she reacted as she did, and that she was a bystander and not a participant in this case. The trial court denied relief on this ground because Appellant waived her right to have counsel investigate and put forth a defense, and Appellant did not establish that counsel was ineffective or that she was prejudiced.

The trial court properly denied relief on this claim. Except for a narrow exception applicable to claims of ineffective assistance of counsel for failing to raise a defendant's actual incompetency, "neither a procedural nor a substantive competency claim of trial court error may be raised in a postconviction motion." *Thompson v. State*, 88 So. 3d 312, 316 (Fla. 4th DCA 2012). *See generally Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014) (noting claim

regarding competency was procedurally barred where it was not raised on direct appeal). "To satisfy the deficiency prong based on counsel's handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed." *Thompson*, 88 So. 3d at 319. "The question is 'whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational, as well as factual, understanding of the pending proceedings.'" *Id.* (quoting Fla. R. Crim. P. 3.211(a)(1)). "'[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.'" *Id.* (quoting *Medina v. Singletary*, 59 F. 3d 1095, 1107 (11th Cir. 1995)). Here, Appellant's allegations fail to show that there was any reason to question her competency to proceed to trial or to enter a plea. *See id.* at 320 (finding similar allegations that the appellant had a history of mental disorders and suicide attempts, had been admitted to a mental hospital for evaluation, and was borderline retarded was insufficient to raise a legitimate doubt as to competency or to require an evidentiary hearing before denying post-conviction relief). *Cf. Turem v. State*, 220 So. 3d 504 (Fla. 5th DCA 2017) (reversing for record attachments or an evidentiary hearing on claim that counsel failed to investigate appellant's competency where appellant alleged, *inter alia*, that he did not understand the consequences of his plea, he was suffering from delusions and hearing voices at the time of his plea, and he had a lengthy and documented history of mental illness).

Appellant argued that counsel was ineffective for persuading her to enter an open plea and improperly coerced her plea by promising that she would be sentenced as a youthful offender and receive a 364-day jail sentence followed by 5-years of supervision. Appellant claims that she was easily manipulated and exhibited poor judgment due to her diminished capacity as a 20-year old. Further, the trial court should have inquired into her mindset when it sentenced her. The trial court denied relief on this ground because Appellant was not misadvised regarding her eligibility to be sentenced as a youthful offender and the plea colloquy refuted her claim that she was coerced into entering the plea with a promise that she would be given a specific sentence.

6

The trial court properly denied relief on this ground for the reasons discussed earlier. The trial court considered and rejected sentencing Appellant as a youthful offender pursuant to the Florida Youthful Offender Act, Chapter 958, Florida Statutes. The trial court's exercise of its discretion to reject Appellant's request for a youthful offender sentence is not reversible error. *See McKinney v. State,* 27 So. 3d 160, 161 (Fla. 1st DCA 2010) (noting trial court is not obligated to impose a youthful offender sentence unless it believes such a sentence appropriate). Appellant's reliance on *Miller v. Alabama,* 567 U.S. 460 (2012), and similar cases to assert that she is entitled to further consideration of her age in the sentencing process is misplaced. In *Miller,* the United States Supreme Court held that it was unconstitutional to sentence defendants who were under the age of 18 when they committed murder to mandatory life sentences without the possibility of parole. *Miller,* 567 U.S. at 465. Appellant cites no authority for extending *Miller* to require defense counsel to interact with youthful-offender clients any differently than other defendants or to require a trial court to inquire as to a defendant's state of mind during sentencing. Even if additional precautions were required when dealing with defendants who were under the age of 18, such precautions would not apply to Appellant, who was 20 years old at the time of these offenses.

Appellant argued that counsel was ineffective for failing to challenge the information because no deadly weapon was used in the home invasion robbery even though her co-defendants stole and transported the victim's weapons. She asserted that this theft and transport was insufficient to charge a deadly weapon was carried during the home invasion robbery and counsel should have moved to dismiss the information. Appellant claimed she was prejudiced by counsel's failure to do so because she entered a plea where the evidence did not support the enhancement and the issue was not preserved for appellate review. Had counsel filed a motion to dismiss, the motion would have been granted and the charge would have been reduced so that Appellant would have been eligible to be sentenced as a youthful offender. The trial court denied relief on this ground because Appellant entered a plea waiving her right to have counsel investigate or put forth a defense, and Appellant admitted to a factual basis for the charges

7

by acknowledging that her co-defendants became armed during the robbery when they stole the victim's guns.

The trial court properly denied relief on this claim. *See Clift v. State*, 43 So. 3d 778, 779 (Fla. 1st DCA 2010) ("By entering a plea to the charges, Appellant waived his right to have counsel investigate or put forward a defense...."). Additionally, the claim is refuted by the record, which includes the stipulated fact that Appellant's co-defendants stole the victim's guns. *See* § 812.135(2)(a), Fla. Stat. (2014) ("If in the course of committing the home-invasion robbery the person carries a firearm or other deadly weapon, the person commits a felony of the first degree..."); *see, e.g., Ridgeway v. State*, 128 So. 3d 935 (Fla. 1st DCA 2013) (affirming conviction for robbery with a deadly weapon because fleeing with knife was sufficient to establish that defendant was armed during robbery of the knife); *State v. Brown*, 496 So. 2d 194 (Fla. 3d DCA 1986) (reversing trial court order that reduced charge of armed robbery to grand theft of a firearm because defendant carried the stolen firearm while in flight, which was sufficient for purposes of carrying a firearm in the course of committing the robbery). Because Appellant's co-defendants stole several firearms from the victim, counsel was not ineffective for failing to move to dismiss the charge of principle to home-invasion robbery with a deadly weapon.

Finally, Appellant argued that the cumulative effect of counsel's errors resulted in a fundamentally unfair trial and deprived her of her right to due process. The trial court denied relief because Appellant's other claims of ineffective assistance of counsel were without merit.

The trial court properly denied relief on this claim. A claim of cumulative error must fail where the individual claims of error are either procedurally barred or meritless. *Israel v. State*, 985 So. 2d 510, 520 (Fla. 2008); *Griffin v. State*, 866 So. 2d 1, 22 (Fla. 2003). As the Appellant's individual claims are meritless for the reasons discussed in this opinion, this claim is also meritless.

_____

8

Holly Elizabeth Caudle, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.