# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D19-4086
_____

JARROD ROBERTS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

September 11, 2020

B.L. THOMAS, J.

Appellant challenges the trial court's denial of his rule 3.850 motion for postconviction relief, alleging a single claim of ineffective assistance of counsel. On April 21, 2016, a jury convicted Appellant of sexual battery by threat of force or violence. On July 7, 2016, at sentencing, the trial court sentenced Appellant to thirty years in prison. On appeal, this Court affirmed Appellant's judgment and sentence without opinion, and the mandate was issued on December 20, 2017. *See Roberts v. State*, 237 So. 3d 272 (Fla. 1st DCA 2017). This Court has also affirmed without opinion other collateral postconviction filings that Appellant has appealed. *See Roberts v. State*, 268 So. 3d 105 (Fla. 1st DCA 2019).

On September 23, 2019, Appellant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. On October 7, 2019, the trial court denied Appellant's motion.

In his motion for postconviction relief, Appellant argued that he was denied effective assistance of counsel when his trial counsel failed to determine whether he was competent to stand trial. Appellant alleged that he was assaulted by Alachua County Jail correction officers prior to trial and that he sustained injuries to his neck and head after his head was pushed into a wall. Trial counsel was notified of the incident, and Appellant argued that he advised counsel on multiple occasions that he had suffered severe memory loss, amnesia, a concussion, and debilitating headaches from the injuries. Appellant "affirmatively submits" that he was not competent to stand trial as a result of these injuries and that trial counsel should have known this. Appellant argued he was prejudiced because the amnesia and impaired cognitive capabilities prevented him from assisting in his trial as he could not remember pertinent facts and details of events around the incident, the legal matters at issue, and could not provide meaningful and relevant testimony in his own defense. Further, his condition allowed the State to insinuate he was lying under oath and discredit his testimony. Had counsel moved to investigate his competency, the outcome of the proceedings would have been different.

We find Appellant's motion is successive. Appellant previously appealed the denial of a rule 3.850 motion before this Court, which we affirmed. *See Roberts v. State*, 268 So. 3d 105 (Fla. 1st DCA 2019). Florida Rule of Criminal Procedure 3.850(h) identifies a second or successive motion as an "extraordinary pleading" and states that such a motion may be dismissed if it:

> fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant . . . to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant . . . to have asserted those grounds in a prior motion.

2

Fla. R. Crim. P. 3.850(h)(2).

On appeal, Appellant contends that his motion is not truly successive because "[the] memory of the events in question has now begun to come back" and that he could not have previously raised this motion in good faith because of his cognitive impairments. He further argues that he "never knowingly filed an original 3.850 motion," but rather that he previously filed two petitions for habeas corpus that were "improperly converted" to rule 3.850 motions by the lower court. For reasons outlined below, we are not persuaded by Appellant's argument and do not believe that he has demonstrated good cause to be entitled to such an extraordinary pleading.

Even if not successive, Appellant's claim of ineffective assistance of counsel is meritless. To prove ineffective assistance of counsel, a defendant must allege (1) the specific acts or omissions of counsel which fell below a standard of reasonableness under prevailing professional norms and (2) the defendant's case was prejudiced by these acts or omissions such that the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 690–92 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The prejudice prong requires that the defendant demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id. at* 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The defendant must demonstrate a likelihood of a different result which is substantial and not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

"To satisfy the deficiency prong based on counsel's handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed." *Thompson v. State*, 88 So. 3d 312, 319 (Fla. 4th DCA 2012). "The question is 'whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether

the defendant has a rational, as well as factual, understanding of the pending proceedings.'" *Id.* (citing Fla. R. Crim. P. 3.211(a)(1)). "In order to establish prejudice in a properly raised ineffective assistance of counsel claim, the postconviction movant must . . . set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to the movant's competency." *Id.* "Conclusory allegations of incompetency are not enough to warrant an evidentiary hearing." *Id.* (citing *Atwater v. State*, 788 So. 2d 223, 229 (Fla. 2001)). Further, "[n]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Id.* at 319 (citing *Card v. Singletary*, 981 F. 2d 481, 487–88 (11th Cir. 1992)).

This Court's review of the record on appeal shows that Appellant testified extensively in his own defense at trial. Appellant's testimony was thorough and highly detailed. He advised the jury of what he was doing when he met the victim, and he remembered that he had gotten off work early that night. He remembered what he had been doing earlier that evening and what his plans had been for that night. He told the jury the precise times that he met with a friend and remembered meeting other people that he knew. Appellant gave detailed descriptions of the places that he had been, what he did at those locations, and approximately how long he stayed at those locations. He gave a thorough explanation of how he met the victim and what activities they engaged in. Appellant was even able to describe the victim's behavior after the incident. He continued to give detailed testimony and explanations for his behavior after the incident and during a subsequent meeting with the police. Additionally, at his sentencing hearing, Appellant gave a detailed and coherent *pro se* argument on a motion of reduction to lesser charge, which further demonstrated that he understood the proceedings and the nature of the charges against him.

Therefore, the trial proceedings thoroughly refute Appellant's allegations that he was suffering from amnesia, an inability to recall events on the night of the incident, or that his cognitive capabilities were otherwise impaired by his injuries. Because of this, trial counsel could not be ineffective for failing to file a suggestion of incompetency because she would not have had a good

faith basis to file such a pleading. *See Williams v. State*, 987 So. 2d 1, 10 (Fla. 2008) (concluding that counsel was not ineffective for failing to file a motion where there was no legally sufficient basis for doing so). In view of the above, we AFFIRM the trial court's ruling as to all of Appellant's claims.

LEWIS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jarrod Roberts, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.