# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2024-1691
LT Case No. 2018-CF-000172

———————————————————

JULIUS DANAL BUNCH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————————

3.850 Appeal from the Circuit Court for Putnam County,
Alicia R. Washington, Judge.

Laura L. Cepero and William R. Ponall, Ponall Law, Maitland,
for Appellant

Ashley Moody, Attorney General, Tallahassee, and Roberts J.
Bradford, Jr., Assistant Attorney General, Daytona Beach, for
Appellee.

October 8, 2024

JAY, J.

Appellant challenges the summary denial of his motion for postconviction relief. We affirm on all issues and write only to address Appellant's argument that the trial court should have allowed him to amend one of his claims before denying his motion.

Appellant negotiated a plea agreement with the State. Under

the agreement, he pleaded no contest to three offenses in exchange for the State dropping other charges and agreeing to negotiated sentences. The trial court accepted the plea agreement and sentenced Appellant accordingly. On appeal, this court affirmed. *Bunch v. State*, 314 So. 3d 742 (Fla. 5th DCA 2021). Because Appellant's direct appeal dealt exclusively with the supposed ineffectiveness of his trial counsel, the affirmance was "without prejudice to Appellant seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850." *Id.* at 743.

Appellant then sought postconviction relief on several grounds, among them being that counsel was ineffective for failing to obtain a sufficient competency evaluation, request a competency hearing, and preserve the competency issue for direct appeal by filing a motion to withdraw plea.[1] The trial court summarily denied Appellant's motion. He moved for rehearing, which the court denied. Regarding his competency claim, Appellant characterized the court's ruling as a finding that the claim was insufficiently pleaded. Based on that, he argued that the court should have allowed him an opportunity to amend his claim. He raises that same argument here.

A court should not deny a postconviction claim as insufficiently pleaded without giving the movant one chance to amend the claim—assuming he can do so in good faith. *See Howard v. State*, 336 So. 3d 391, 391 (Fla. 5th DCA 2022) (citing *Spera v. State*, 971 So. 2d 754, 762 (Fla. 2007)). But the court does not need to order an amendment when "denial of the motion was not based on insufficiency in pleading." *See Winters v. State*, 347 So. 3d 526, 527 (Fla. 5th DCA 2022); *see also Ward v. State*, 19 So. 3d 1060,

---

[1] Generally, a claim that counsel was ineffective for not preserving an issue for direct appeal fails as a matter of law. *See Strobridge v. State*, 1 So. 3d 1240, 1242–43 (Fla. 4th DCA 2009). However, such a claim is cognizable when the defendant alleges that he pleaded guilty or no contest while relying on counsel's erroneous assurance that an issue was preserved. *See Anderson v. State*, 183 So. 3d 1146, 1148 (Fla. 5th DCA 2015); *Shade v. State*, 59 So. 3d 1214, 1215–16 (Fla. 5th DCA 2011). Appellant does not make that claim in this case.

1061 (Fla. 5th DCA 2009) ("Because it is evident that the trial court addressed the merits of Appellant's claims and did not base its ruling on ostensible pleading deficiencies, we affirm as to Appellant's one point on appeal.").

Here, the court did not deny Appellant's competency claim as insufficiently pleaded. The court noted that the claim was "conclusory," but it did not end its discussion there. The court credited counsel for "appropriately investigat[ing] [Appellant's] mental status." The court also found the record was clear that Appellant was competent to proceed. Given these substantive findings—which culminated in the court's conclusion that "[n]either prong of *Strickland*[2] [was] met"—Appellant is not entitled to a reversal to try to restate his claim. *See Winters*, 347 So. 3d at 527.

The record also supports the merits of the court's ruling. Summary denial of a postconviction claim is proper when the claim is "conclusively resolved as a matter of law or by reliance upon the records in the case." *Harrell v. State*, 338 So. 3d 415, 418 (Fla. 5th DCA 2022). Claims alleging that counsel was ineffective must show deficiency ("errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment") and prejudice ("a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). *Smith v. State*, 330 So. 3d 867, 875 (Fla. 2021) (quoting *Strickland*, 466 U.S. at 687, 694).

"To satisfy the deficiency prong based on counsel's handling of a competency issue, the postconviction movant must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed." *Thompson v. State*, 88 So. 3d 312, 319 (Fla. 4th DCA 2012). A defendant is competent to proceed if he has "sufficient present ability to consult with counsel with a reasonable degree of rational understanding" and "a rational, as well as factual, understanding of the pending proceedings." *Id.*

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth deficiency and prejudice requirements for claims of ineffective assistance of counsel).

3

(quoting Fla. R. Crim. P. 3.211(a)(1)). "The focus of the prejudice inquiry is on actual prejudice," which asks "whether, because of counsel's deficient performance, the defendant's substantive due process right not to be tried while incompetent was violated." *Id.* To make this showing, the defendant "must, as with a substantive incompetency claim, set forth clear and convincing circumstances that create a real, substantial and legitimate doubt" about his competency. *Id.* Consistent with these principles, "[p]ostconviction evidentiary hearings regarding competency issues are reserved for extraordinary situations where the movant makes a strong preliminary showing that competency to proceed was legitimately in question at the relevant stage." *Id.* at 321.

Here, the record supports the court's conclusion that neither deficiency nor prejudice existed. Counsel had Appellant undergo an evaluation for "competency, mitigation and sanity." The evaluation found "no evidence or signs of a thought disorder or a major cognitive behavioral disorder." It also found "no abnormalities of thought, affect, or behavior." Under "various tests of mental control and mental status," Appellant "present[ed] within normal limits." Based on these and other findings, the evaluation concluded that Appellant was competent. The evaluation also noted that Appellant tried to manipulate testing to exaggerate mental health concerns. Thus, the record refutes any allegation that a reasonable attorney would have questioned Appellant's competence to proceed. *See Thompson*, 88 So. 3d at 319.

Other aspects of the record further belie any notion that there was a "real, substantial and legitimate doubt" as to Appellant's competency. *See id.* In addition to the competency evaluation discussed above, Appellant was an active, capable participant in the proceedings and made numerous sworn assertions that are incompatible with his claim for relief. *See generally Scheele v. State*, 953 So. 2d 782, 785 (Fla. 4th DCA 2007) ("A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case. What is said and done at a plea conference carries consequences."); *Henry v. State*, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006) (confirming that postconviction movants "are bound by" their sworn statements). The plea agreement included

4

Appellant's attestation that his counsel was "fully informed in all issues in the case[]." In bold capitalized font, the agreement further provided, "I believe that my lawyer has done all that a competent attorney could do to counsel and assist me. I am satisfied with the advice and help []he has given me." The agreement continued, "I believe that I am competent to enter this plea and enter this plea knowingly, freely and voluntarily. My physical and mental health is presently satisfactory."

Before accepting the agreement, the court conducted a sworn plea colloquy. Appellant responded appropriately to all the court's questions. Among those questions, the court asked if Appellant was "being treated for any mental health conditions that may impact" his decision making. Appellant answered negatively. He also confirmed that he signed the plea agreement after reviewing it "carefully" with counsel so that he understood "everything that is on the form and all of its consequences." He further verified that he was satisfied with counsel's representation and there was nothing else that he wanted counsel to do. Based on Appellant's responses, the court accepted the plea agreement, finding that Appellant entered it voluntarily and intelligently.

Given the entirety of this record, Appellant cannot show the prejudice that his claim demands. *See Thompson*, 88 So. 3d at 319; *see also Faulk v. State*, 284 So. 3d 1158, 1165 (Fla. 1st DCA 2019) (affirming summary denial of a postconviction competency claim in a case where the appellant "was able to express himself appropriately, confer with counsel, and understand the judge's explanation of the proceedings," and "[t]here [were] other documents in the record that undermine[d] the Appellant's claims of severe mental illness prior to and during the proceedings"); *Gillis v. State*, 807 So. 2d 204, 205–06 (Fla. 5th DCA 2002) (citing a defendant's written plea agreement and plea colloquy—both of which disclaimed mental disability—in holding that "the trial court correctly concluded that Gillis's claims were conclusively refuted by the record" in a case where the defendant alleged that counsel was ineffective for not investigating his mental competence and history before allowing him to plead guilty).

AFFIRMED.

5

WALLIS and BOATWRIGHT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————